UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DARRELL WAYNE GERARD, | ) | |
| Petitioner, | ) | 3:04-cv-00506-LRH-VPC |
| vs. | ) | **ORDER** |
| STEPHANIE HUMPHREY, *et al.*, | ) | |
| Respondents. | ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

**I. Background**

On September 17, 2004, petitioner filed a habeas petition and paid the filing fee for this action. (ECF No. 1). On November 1, 2004, this Court entered an order explaining that the federal petition appeared to be untimely under the AEDPA statute of limitations. (ECF No. 6). The Court's order noted that petitioner's conviction was in 1982, and that the petition was very likely untimely filed under the AEDPA's one-year filing deadline. (*Id.*). The Court granted petitioner an opportunity to demonstrate that his petition was timely or that he was entitled to equitable tolling of the AEDPA statute of limitations. (*Id.*). Petitioner filed a response to the Court's order on January 4, 2005. (ECF No. 12). On January 31, 2005, this Court entered an order, noting that petitioner's "argument and factual allegations fail to account for a twenty year delay" in seeking relief. (ECF No. 15, at p. 2). This Court dismissed the federal habeas petition as untimely filed. (*Id.*). Judgment was entered on February 1, 2005. (ECF No. 16). Petitioner filed a notice of appeal. (ECF No. 17). On

1  June 7, 2005, the Court of Appeals for the Ninth Circuit entered an order denying the request for a
2  certificate of appealability and denying all outstanding motions in the appeal.  (ECF No. 26).
3        In early 2013, approximately eight years after final judgment was entered, petitioner began
4  filing motions and letters in this closed action.  This order addresses petitioner's recent filings.
5  **II.  Discrepancies Between Paper Documents and CM/ECF Images**
6        On March 28, 2013, the Clerk of Court received a letter from petitioner.  In the letter,
7  petitioner addressed what he observed as problems with the way his petition appears on the CM/ECF
8  docket.  Petitioner states that "the entire document has been some how magnified.  The top margin,
9  right margin, left margin are missing (cut off).  All through the document there are missing pages."
10  (Letter from Petitioner, received March 28, 2013).
11        The Court has reviewed the petition and exhibits in Court's official paper file.  The petition,
12  which was filed on September 17, 2004, is 17 pages.  Attached to the petition are 83 pages of
13  exhibits, as well as a two-page letter to the Court from petitioner.  The Court has carefully compared
14  the paper version of the petition and exhibits in this case to the scanned version of the petition and
15  exhibits available on CM/ECF.  (ECF No. 1).
16        Regarding petitioner's contention that the petition and exhibits are "magnified," when they
17  were scanned into CM/ECF, the Court observes that the scanned version on CM/ECF is the same
18  size as the paper version of the petition and exhibits.  Regarding petitioner's contention that the
19  margins are cut off in the CM/ECF version of the petition, the Court observes that in the paper
20  version of Exhibit C to the petition, which is the memoranda in support of the state habeas petition,
21  the right margins are cut off on most pages.  As such, petitioner's allegations that the CM/ECF
22  version of the petition and exhibits were "magnified" and the margins cut off during this Court's
23  scanning process have no merit, as the size and margins of the CM/ECF version are the same as the
24  paper version of these documents.
25        As to petitioner's contention that pages are missing from the CM/ECF version of the petition
26  and exhibits, he is correct as to a few pages, as explained below.
27        The Court observes that the CM/ECF version of the petition and exhibits is 98 total pages,
28  consisting of a 17-page petition, 80 pages of exhibits, and one page of a letter submitted with the

2

1  petition. (ECF No. 1). The paper version in the official file is 102 total pages, consisting of a 17-
2  page petition, 83 pages of exhibits, and a two-page letter submitted with the petition. Upon a
3  detailed review of the two documents, the Court observes, as to the CM/ECF version: (1) no pages
4  are missing from the petition itself; (2) three pages are missing from the exhibits; and (2) one page of
5  petitioner's letter is missing. The missing pages in the CM/ECF version are likely the result of a
6  malfunction of equipment when the petition, exhibits, and letter were scanned into CM/ECF.

7  As to the pages of exhibits that are present in the paper file, but are missing from the
8  CM/ECF version, the Court details them now. The first missing page is simply a title page with the
9  words: "Memorandums [sic] in Support of Grounds," which is page 63 of the paper version. The
10 second missing page contains a sentence within the memoranda in support of the state habeas
11 petition, which is page 69 of the paper version. The third missing page contains one sentence at the
12 conclusion of the memoranda in support of the state habeas petition, which is page 80 of the paper
13 version.

14 As specified at the conclusion of this order, the Court directs the Clerk of Court to correct the
15 CM/ECF image to accurately reflect the paper version of the petition, exhibits, and letter submitted
16 with the petition, all of which are found in the court's official paper file.

17 While the Court directs the Clerk to correct the CM/ECF image of the petition and exhibits,
18 the Court notes that while this case was pending, the Court reviewed the paper version of all
19 documents contained in the official court file. As such, the pages omitted in the CM/ECF version of
20 the exhibits and letter did not affect the outcome of the case. Moreover, even assuming that the
21 Court had only reviewed the CM/ECF version of the petition and exhibits, the information on the
22 omitted pages would not have impacted the Court's decision to dismiss the petition as untimely filed.
23 The Court's order of January 31, 2005, dismissing this action, notes that petitioner's arguments "fail
24 to account for a twenty year delay" in seeking relief. (ECF No. 15, at p. 2). Nothing in the omitted
25 pages of the exhibits or letter would have impacted the Court's decision that the petition must be
26 dismissed as untimely.
27 ///
28 ///

**III. Petitioner's Recent Motions**

Petitioner has filed several recent motions in this closed action. None of petitioner's recent motions contain a proof of service on respondents. Failure to serve a motion on the opposing party is sufficient grounds to disregard a motion. Additionally, the Court has reviewed the content of petitioner's recent motions and finds that none have merit.

**A. Motion to Reactivate Petition (ECF No. 29)**

Petitioner asserts that he wishes to re-activate his petition because, after many years, he has acquired his pre-sentence investigation report, which he calls "newly discovered" evidence. Petitioner argues that there are "discrepancies" in his pre-sentence investigation report. Petitioner has not explained what the discrepancies are or how this would affect the disposition of his federal habeas petition. The petition was dismissed based on its untimeliness, and did not involve any issues concerning the details of petitioner's pre-sentence report. Petitioner's motion to reactivate his petition is denied.

**B. Motion for Clarification of Law (ECF No. 30)**

Petitioner asks this Court to clarify NRS 200.310 and NRS 200.320(1), regarding his kidnaping conviction and sentence. This Court may not give petitioner legal advice and declines to clarify a point of Nevada law that has no bearing on the ultimate disposition of this habeas action. Petitioner's motion for clarification of Nevada law is denied.

**C. Motion to Compel (ECF No. 31)**

Petitioner seeks an order from this Court compelling the Eighth Judicial District Court for the State of Nevada to "provide to the petitioner 35 (thirty-five) expert witnesses to define each and every element of NRS 200.310, kidnaping in the first degree, pursuant to 1981 and 1983 statutes." (ECF No. 31, at p. 1). Petitioner provides no legal basis for making such a request and this Court denies the motion.

**D. Motion for Specific Case Law and Assistance of Counsel (ECF No. 34)**

Petitioner asks this Court to assist him in "obtaining specific case law" and also asks for the appointment of counsel in this case. First, this Court does not dispense legal advice or case law to litigants. As to the request for the appointment of counsel, the Court notes that this action has

4

concluded. Moreover, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As this action has concluded and the Court determines that counsel is unwarranted, petitioner's motion is denied.

### E. Motion to Vacate, Set Aside or Correct (ECF No. 35)

Petitioner has not invoked any specific provision of Rule 60 authorizing relief from the judgment entered in this case. Pursuant to Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Moreover, a motion for relief that is based on mistake, newly discovered evidence, or fraud (Fed. R. Civ. P. 60(b)(1-3), must be brought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

This Court's order dismissing the petition as untimely was filed on January 31, 2005. (ECF No. 15). Judgment was entered on February 1, 2005. (ECF No. 16). Petitioner waited until February 28, 2013, over eight years later, to file his motion to vacate judgment. (ECF No. 35). Petitioner's motion is untimely, and is denied on that basis. Fed. R. Civ. P. 60(c)(1); *see Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) ("reasonable" amount of time is something less than the one-year standard applied to motions brought under Fed. R. Civ. P. 60(b)(1-3)). Moreover, the Ninth Circuit Court of Appeals denied petitioner a certificate of appealability by order filed June 7, 2005, and denied all motions filed in the appeal. (ECF No. 26). In addition to being untimely, petitioner

1 has failed to satisfy the standard required to obtain relief from judgment. Petitioner's motion is
2 denied.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court **SHALL FILE** petitioner's letter, received on March 28, 2013.

**IT IS FURTHER ORDERED** that Clerk of Court **SHALL CORRECT** the CM/ECF image to accurately reflect the paper version of the petition, exhibits, and letter filed with the Court on September 17, 2004. The Clerk shall scan and enter into CM/ECF the entirety of the petition (17 pages), exhibits (83 pages), and letter (2 pages), all of which are found in the paper version of the Court's official file.

**IT IS FURTHER ORDERED** that petitioner's motion to reactivate this case (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for clarification of the law (ECF No. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to compel (ECF No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for specific case law and assistance of counsel (ECF No. 34) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to vacate, set aside, or correct (ECF No. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed action.

Dated this 11th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE